**Allen S. CLARK, Plaintiff,**

v.

**Officer Ray HARP, Defendant.**

**Civ. A. No. 89–3469–GHR.**

United States District Court, District of Columbia.

May 11, 1990.

---

Richard R. Rhodes, Ara L. Tramblian, Asst. County Attys., Arlington, Va., for defendant.

Dale Edwin Sanders, Alexandria, Va., for plaintiff.

## ORDER

REVERCOMB, District Judge.

The plaintiff filed the instant complaint against the defendant pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights where the defendant, a detective with the Arlington County Police Department, "caused to be issued a warrant for the arrest" of the plaintiff "notwithstanding the absence of an objectively reasonable basis for the belief that probable cause existed." Complaint at ¶ 10. This matter is before the Court pursuant to the defendant's motion to dismiss which contends, *inter alia,* that venue is not proper in the District of Columbia. This Court transfers the complaint to the United States District Court for the Eastern District of Virginia on the grounds that venue is improper in the District of Columbia.[1]

Venue is only proper in the District of Columbia if the plaintiff's claim arose in the District. 28 U.S.C. § 1391(b).[2] The plaintiff asserts that his claim arose in the District because his injury, namely, his arrest, occurred in the District. However, in *Lamont v. Haig,* 590 F.2d 1124 (D.C.Cir. 1978), in which the court analyzed the "claim arose" language of section 1391(b), the court held that situs of events having operative significance to the case is controlling. *Id.* at 1133. The court held that where "the claim arose" should in our view be ascertained by advertence to events having operative significance in the case, and a commonsense appraisal of the implications of those events for accessibility to witnesses and records. And, though a *proliferation of permissible forums is staunchly to be avoided,* it is evident that the often unfruitful pursuit of a single locality as the one and only district in which the claim arose is not needed to ensure the efficient conduct of the litigation. Not surprisingly, then, courts in some number have construed Section 1391(b) as conferring venue in a district where a substantial portion of the acts or omissions giving rise to the actions occurred, notwithstanding that venue might also be in other districts.

*Id.* at 1134. In the instant case, the alleged improper act or omission giving rise to the action was the procurement of a Virginia arrest warrant from an Arlington magistrate. This action is clearly the operative significance of the plaintiff's case. The only basis for expanding the place of where a claim arose is possibly where the conduct of litigation will be more efficient. However, the plaintiff has failed to make any showing that the conduct of litigation would be any more efficient in the District of Columbia than in the Eastern District of Virginia.

Moreover, the Supreme Court has held subsequent to *Lamont* that even if there are two possible venues based on where a claim arose, the court should select a single proper venue based on the following factors: the availability of witnesses, the accessibility of other relevant evidence, and the convenience of the defendant (but *not* of the plaintiff). *Leroy v. Great Western United Corp.,* 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979). The rape which formed the basis of the arrest warrant occurred in Virginia, the magistrate and records are in Virginia, and the defendant

---

1. The plaintiff has filed a motion for leave to file an amended complaint in order to add a party. This Court does not reach this motion in light of the transfer of the complaint to the District Court for the Eastern District of Virginia which is the appropriate forum to act on plaintiff's motion. The plaintiff's motion has no relevancy or bearing on the issue of venue which necessitates the transfer. Moreover, the only issue which this Court reaches in defendant's motion to dismiss is that of venue.

2. Pursuant to 28 U.S.C. § 1391(b), venue in federal questions cases is proper where all the defendants reside or where the claim arose. The defendant is a resident of Virginia.

works and resides in Virginia.[3] The venue for this case is properly in Virginia. *See Reuber v. United States*, 750 F.2d 1039 (D.C.Cir.1984) (although defamatory letter was disseminated in the District and caused harm in the District, proper venue was in Maryland where the letter was written and issued in Maryland, the defendants lived in Maryland, and the pertinent records were in Maryland).

Accordingly, it hereby is

ORDERED that this matter be, and the same hereby is, transferred to the United States District Court for the Eastern District of Virginia; and it is further

ORDERED that the Clerk of this Court shall transmit all records and papers in this civil action to the Clerk of the Court of the United States District Court for the Eastern District of Virginia, together with a certified copy of this order.

---

**3.** Furthermore, the plaintiff seeks to add another defendant to the complaint who also works and lives in Virginia.